IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

J.K. CRANGLE,

        Petitioner,

v.                                            CIVIL ACTION NO. 5:13cv142
                                                   (Judge Stamp)

GOV'T OF WEST VIRGINIA,

        Respondent.

**REPORT AND RECOMMENDATION**

**I. Introduction**

On October 15, 2013, J.K. Crangle[1] [hereinafter referred to as "petitioner"], a state pre-trial detainee, filed a *pro se* "pleading" which he styled: "Emergency Petition for Writ of Habeas Corpus, Appointment of Skillful Lawyer Esq. J.D. for this Disabled. Handicapped. Crippled & Injured Petitioner Deprived of Numerous Federal and U.S. Constitutional Legal Rights in Dungeon Tortures & Ex post facto Police State Brutality, Aggravated Assaults, Armed Battery, Egregious Excessive force on Disabled & Handicapped." Said pleading was filed as a Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. §2254. The petitioner also filed a Motion to Appoint Counsel. On that same date, because the pleading was not on a form petition, the Clerk of Court issued a Notice of Deficient Pleading which instructed the petitioner that he must file his petition on the court-approved form which was enclosed for his use and must either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* together with his Prisoner Trust

---

[1] Although the petitioner refers to himself as J.K. Crangle, the Regional Jail website and information from the Berkeley County Magistrate Court indicate that his name is Kent James Crangle.

Account Report and supporting ledger sheets. On October 17, 2013, the petitioner filed a Supplemental Motion to Appoint Counsel. (Doc. 7). On October 23, 2013, the petitioner filed an Emergency Legal Petition. (Doc. 11). On October 23, 2013, the petitioner also filed an Emergency Motion for Enlargement of Time to Mail in Habeas Documents. (Doc. 12). As well, the petitioner filed an Application and Affidavit to Proceed without prepayment of Fees. (Doc. 13). On October 25, 2013, the petitioner filed his court-approved § 2254 petition.(Doc. 16). Since that date, and through January 22, 2014, the petitioner has filed an additional thirteen "pleadings." (Docs. 18-30). The petitioner has never filed his Prisoner Trust Account Report. While the undersigned could recommend that this matter be dismissed for failure to do so,[2] a close examination of the original pleading as well as the those that followed, clearly indicates that this Court can provide the petitioner no relief at this time.

## II. Factual Background

The petitioner is currently incarcerated in the Eastern Regional Jail where he is a pretrial detainee. It appears that the petitioner's case is still pending in Magistrate Court following his arrest on September 12, 2013. The petitioner is being held on the charges of kidnapping in violation of W. Va. Code § 61-2-14; robbery/non-aggravated in violation of W.Va. Code § 61-2-12; conspiracy to kidnapping in violation of W.Va. Code § 61-10-31; conspiracy to robbery in violation of W.Va. Code § 61-10-31; and fleeing in vehicle in violation of W.Va. Code § 61-5-7(e). No bond was set for the kidnapping charge and bond for the other charges ranges from $500,000 to $10,000. It also appears that the petitioner is represented by the Public Defender's

---

[2]The undersigned did not issue a show cause order. It would appear that the petitioner may maintain that he requested that ledger sheets be sent, but there "was no reply from the jail stalag." (Doc. 21, p.1).

2

office and is scheduled to be transferred to the South Central Regional Jail for purposes of a mental hygiene examination[3].

### III. Petitioner's Claims

The petitioner's claims are difficult to discern, at best. Throughout everything that he has filed, he refers to himself as disabled, handicapped, crippled and injured. He repeatedly refers to torture, abusive mistreatment, deprivations, and aggravated assaults. It appears that the petitioner makes these claims against the staff at the Eastern Regional Jail and perhaps law enforcement involved in his arrest. The petitioner also complains about the conditions of his confinement including claims about access to the law library, no public library, poor sanitation within the jail, lack of dental care and preventative care, lack of medical equipment and real RN nurses. In the more than 200 pages filed by the petitioner, the only clear requests for relief are that this Court: (1) grant "typing of the handwritten manuscripts...into Word Perfect Microsoft top line Font 14 and other lines in Font 12"; (2) "issue an order for appointment of expert specialized Esq Constitutional lawyer in Martinsburg that is fully qualified as barrister and habeas litigation expert and for Human Rights, Civil Rights & Disabled Rights on point"; (3) "Grant the Chief Justice Blackstone Great Writs of Habeas Curiae and Habeas Corpus that are all justified for the Tortures, Brutalities by Police State, Summary Execution of Sentencing by Police State gang of 13....";and "help getting a cheap Goodwill clothing suit pinstripe Size 40S...cheap white shirt long sleeve neck 16/12, and old tie gold blue or black."

### IV. <u>Analysis</u>

---

[3]Although the petitioner provided little information in his pleading, the pro se law clerk assigned to this matter contacted the Berkeley County Magistrate Court and the office of the Prosecuting Attorney for Berkeley County to obtain docket information.

As a preliminary matter, the undersigned concludes that this petition is not cognizable under section 2254 and must instead be construed as a petition for section 2241 relief.[4] A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). However a pretrial detainee is not "in custody" pursuant to a state court judgment so section 2254 relief is unavailable. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson, 816 F.2d at 224; see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004)(section 2241 applies to individuals who a state places in pretrial detention).

Because the petitioner is a pretrial detainee, he is not in custody pursuant to a state court judgment and section 2254 does not apply. Accordingly, the undersigned construes this petition under section 2241.[5] However, petitioner is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal review. Exhaustion is a statutory requirement in the case of section 2254, and a common-law requirement in the case of section 2241. Braden v. 30th Jud. Cir., 410 U.S. 484, 488-89 (1973).To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply

---

[4] Although not in his original pleading, the petitioner, himself, refers to Title 28 Section 2241. See Docs. 18, p.2.; Doc. 19, p.2; Doc. 22, p. 18.

[5] In truth, although the petitioner cited a laundry list of rights, laws and constitutional provisions in his original pleading, the petitioner did not ever indicate that he was a pre-trial detainee, and the Clerk of Court opened this case as a § 2254 petition.

4

controlling legal principles to the facts bearing upon [his] constitutional claim. Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Here, the Circuit Court of Berkeley County has no information whatsoever regarding the petitioner, and his case has not advanced beyond the Magistrate Court. Moreover, the Clerk of the West Supreme Court has no record that the petitioner has initiated any proceeding there be it a writ of mandamus, writ of prohibition, or writ of habeas corpus. Therefore, it is clear that the petitioner has not exhausted his state court remedies, and therefore, cannot proceed with a habeas petition before this Court. Furthermore, to the extent that the petitioner complains about the conditions of his confinement and/or excessive force during his arrest and incarceration, those are not claims that are properly reviewed in a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

### VI. Recommendation

Based on the foregoing, it is recommended that the this matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further recommended that the petitioner's pending Motions (Docs. 2, 7, 11, 12, 13, and 18-30) be **DENIED AS MOOT**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in

waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: February 7, 2014.

 /s/ James E. Seibert  
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**