```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

J.K. CRANGLE,[1]

      Petitioner,

v.                                     Civil Action No. 5:13CV142
                                                           (STAMP)

GOVERNMENT OF WEST VIRGINIA,

      Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Procedural History

On October 15, 2013, the pro se[2] petitioner, J.K. Crangle,[3] filed a pro se pleading entitled "Emergency Petition for Writ of Habeas Corpus, Appointment of Skillful Lawyer Esq. J.D. for this Disabled Handicapped Crippled & Injured Petitioner Deprived of Numerous Federal and U.S. Constitutional Legal Rights in Dungeon Tortures & Ex post facto Police State Brutality, Aggravated Assaults, Armed Battery, Egregious Excessive force on Disabled &

---

[1] While petitioner attempts to bring claims on behalf of one, Tara Rose, petitioner is not to this Court's knowledge, an attorney at law and thus, cannot represent others.  Further, Ms. Rose has not signed any pleading, made any appearance, or filed any pleadings on her own behalf with this Court.  Thus, insomuch as petitioner attempts to assert any claims on Ms. Rose's behalf, such claims are dismissed without prejudice.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

[3] Petitioner is a state pretrial detainee being held in the Eastern Regional Jail in Martinsburg, West Virginia.

Handicapped." The pleading was filed as a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner also filed a separate motion to appoint counsel on the same date. Because the petitioner did not file his petition on the proper form, the Court entered a deficiency notice and gave him 21 days to re-file. Thereafter, rather than filing the proper forms, petitioner filed the following pleadings: (1) supplemental emergency petition for writ of habeas corpus (ECF No. 6); (2) supplemental motion to appoint counsel (ECF No. 7); (3) emergency notice regarding his original petition (ECF No. 10); (4) emergency legal petition regarding his original petition (ECF No. 11); (5) emergency motion for enlargement of time to mail in habeas documents (ECF No. 12); and (6) motion for leave to proceed in forma pauperis (ECF No. 13). On October 25, 2013, the petitioner filed his court-approved form and thereafter, resumed filing various motions and petitions. Specifically, the petitioner then filed: (1) emergency legal notice (ECF No. 17); (2) emergency notice and legal motion regarding his original petition (ECF No. 18); (3) emergency petition regarding his original petition; (4) legal notice and law motions (ECF No. 20); (5) legal notice and law motions (ECF No. 21); (6) legal notice and motions (ECF No. 22); (7) legal petition for Justice Blackstone's great writs of habeas corpus of American Anglo-Norman & Roman Law (ECF No. 23); (8) notice and motion to appoint counsel (ECF No. 24); (9) legal petition - law motion that jurisdiction be recognized for one

or combined substantive procedural (ECF No. 25); (10) emergency motion for hearing (ECF No. 26); (11) emergency motion for hearing and appointment of counsel (ECF No. 27); (12) emergency equity and legal motion petition for vital appointment of counsel (ECF No. 28); (13) emergency legal motion and petition filed as lawsuit actions & equity chancery and law for grantable remedies (ECF No. 29) ; and (14) federal rights legal statement of claims for grantable law & equity remedies, request Paul Taylor Esq. (ECF No. 30).

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. On February 7, 2014, Magistrate Judge Seibert issued a report and recommendation recommending that this matter be dismissed without prejudice for failure to exhaust state court remedies and further recommending that all pending motions be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Thereafter, the petitioner did file what this Court construes as objections to the magistrate judge's report and recommendation. Further, the petitioner has also filed two other emergency legal motions and notices (ECF Nos. 34 and 35). For the reasons set forth below,

this Court adopts and affirms the magistrate judge's report and recommendation in its entirety. Thus, all motions filed after the report and recommendation will also be denied.

## II. Facts

The petitioner is currently being held by the West Virginia on charges of kidnaping in violation of West Virginia Code § 61-2-12, conspiracy to commit kidnaping in violation of West Virginia Code § 61-10-31, conspiracy to commit robbery in violation of West Virginia Code § 61-10-31, and fleeing in a vehicle in violation of West Virginia Code § 61-5-7(e).

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those portions objected to. The recommendations and findings not objected to will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

As the magistrate judge states, the petitioner's claims are difficult to discern. The petitioner appears to be making claims against the staff at the Eastern Regional Jail and the law enforcement officers involved in his arrest. The petitioner also

4

seems to be making claims concerning the condition of his confinement, including the sanitation and lack of access to a law library. Not only are the petitioner's claims difficult to discern, but the relief he seeks to also difficult to determine. As the magistrate judge indicates, the only clear requests are that his filings be typed for him, that counsel be appointed for him, that certain writs of habeas curiae and habeas corpus be provided to him, and that someone help him in obtaining a suit and tie. The petitioner again in his objections reiterates that he seeks Blackstone's Great Writs of Habeas Corpus ad Subjiciendum. Further, in his objections he states that he is objecting to: (1) real due process of law not being provided; (2) equal protection of the law not fulfilled by the magistrate judge; (3) not having a hearing by a real Article III judge; (4) not having a real lawyer; (5) this Court not issuing an order for habeas release; and (5) saving the life of "old mom."

Initially, in the report and recommendation, the magistrate judge notes that the petition is not cognizable under § 2254 because only a petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to § 2254(a). A pretrial detainee is not "in custody" pursuant to a state court judgment and, thus, § 2254 relief is unavailable. <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987). Accordingly, the magistrate judge found that the petition should be construed as a

petition under § 2241, which provides a remedy for persons held in violation of the Constitution, laws and treaties of the United States, "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Id. The petitioner does not appear to object to such a finding, and this Court finds no clear error in such finding.

The magistrate judge next found that even construing the petition as one under § 2241, the petition still must be dismissed, as the petitioner has failed to exhaust his state court remedies. Inasmuch as petitioner's objections can be construed as objecting to this finding, this Court will review such finding de novo. Inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Ciocchetti v. Wiley, 358 F. App'x 20, 23-24 (10th Cir. 2009).  Exhaustion is a statutory requirement under § 2254 and a judicially imposed requirement in the case of § 2241 petitions.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  This requirement allows the state the first "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)).

6

There is no evidence in this matter that the petitioner has presented his claims to the state court for review. The magistrate judge indicates that the Circuit Court of Berkeley County has no information regarding the petitioner, and his case involving the kidnaping, conspiracy, and robbery charges has not advanced beyond the Magistrate Court. Further, the magistrate judge indicates that the West Virginia Supreme Court has no record that the petitioner has initiated any proceeding concerning his claims. Accordingly, as the magistrate judge found, it is clear that the petitioner has not exhausted his state court remedies. Further, in his objections, which are listed above, the petitioner does not allege that he has exhausted his state court remedies, but merely objects generally to his case being dismissed and to his constitutional rights being violated. Such assertions do not cure the fact that the petitioner has not exhausted his state court remedies as to his habeas claims. As to the petitioner's claim concerning the conditions of his confinement and excessive force used during his arrest and incarceration, as the magistrate judge stated, these claims are not properly reviewed in a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Accordingly, after a de novo review, this Court finds that the petition must be dismissed for the failure to exhaust his state court remedies.

V. Conclusion

Based upon a de novo review of the petitioner's claims, this Court finds that the magistrate judge's report and recommendation should be and is hereby adopted and affirmed in its entirety. Accordingly, the petition (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE and all pending motions, notices, and other filings requesting various relief filed prior to the report and recommendation (ECF Nos. 2, 7, 11, 12, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30) are hereby DENIED AS MOOT. Further, the two motions filed by petitioner after entry of the report and recommendation (ECF Nos. 34 and 35) are also DENIED AS MOOT, as the relief sought is not available until petitioner exhausts his state court remedies. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

Finally, this Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C.

§ 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 12, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE